## BOWEN v. TRUE.

Will—Rents—Interest.—A will provides, after the falling in of a life estate, "the land shall belong to my son A. by the same being valued by three impartial and disinterested men," and he "shall pay to my daughter B. one-half the valuation in full for her share." Upon appraisement the son takes entire title to the land, is not liable for rents, but the land being agricultural land and he having taken possession upon death of life tenant in August, is liable for interest from beginning of next calendar year. The valuation should be ascertained by appraisement and not by sale.

Before Gage, J., Kershaw, October, 1905. Modified.

Action by Anderson A. Bowen against Sarah A. True and her children and the children of plaintiff. From circuit decree, defendants Sarah A. True and her children appeal.

*Mr. A. L. Gaston*, for appellants, cite: *Appellants are entitled to interest on one-half value of land from death of life tenant:* 53 S. C., 471; 46 S. C., 181; 22 S. C., 101; 5 S. C., 216; 10 Wheat., 229; 14 Rich. Eq., 245; 1 McC. Ch., 98, 148; 9 L. R. A., 248; 2 Redf., 494; 1 DeS., 489; 106 Mass., 586; 12 S. C., 457; 41 S. C., 491. *Appointment of appraisers irregular:* 1 N. Y. Eq., 10; 2 Ency., 2 ed., 487; 1 McC. Ch., 482; 13 S. C., 510; 62 S. C., 124. *Court will retain cause for full settlement:* 3 Cyc., 756; 30 S. C., 305; 10 Rich. Eq., 328.

*Mr. J. T. Hay*, contra, cites: *Rents and profits for 1904 belonged to life tenant:* Code 1902, 2408.

July 9, 1906. The opinion of the Court was delivered by

Mr. Justice Woods. John A. Bowen died in 1853, leaving in force a will which contained the following clause: "I give, bequeath and devise unto my wife, Mary A. Bowen, to enjoy by her, and by my unmarried children, during my said wife's natural life or widowhood, my plantation whereon

I now live, my negroes named Joe and Agnes, my stock of horses, cattle, sheep, my carriage, wagons, plantation tools usually kept on my said plantation, and all my household and kitchen furniture. *And it is my desire that upon my said wife ceasing to be my widow either by death or marriage, whichever shall first happen, the said plantation shall belong to my son, Anderson H. Bowen, by the same being first valued by three impartial and disinterested men, who are good judges, and it is my will that my son, Anderson H. Bowen, shall pay over to my daughter, Sarah A. Bowen, one-half of the valuation in full satisfaction and recompense of her part or share of the said plantation.* And I do give the same after the happenings of either of these events, to my son, Anderson H. Bowen, as before mentioned, for his use, profit and benefit, and for the use, profit and benefit of his children. And the money so paid over by my son, Anderson H. Bowen, unto my daughter, Sarah A. Bowen, I give the same to her for her use, profit and benefit, and for the use, profit and benefit of her children. And it is my further will that the said negroes and other property, so given to my said wife, shall return to my estate at the same time, and be equally divided between my son, Anderson H. Bowen, and my daughter, Sarah A. Bowen, and I give the same to them for their use, profit and benefit, and for the use, profit and benefit of their children." The italicized sentence only is important to this appeal.

Mary A. Bowen remained the widow of the testator and died August 8, 1904. Thereafter on May 13, 1905, Anderson H. Bowen brought this action against Mrs. Sarah A. True, *nee* Bowen, alleging in his complaint that he "did, on the third day of March, 1905, employ three impartial and disinterested men who are good judges," who appraised the plantation mentioned in the will at the value of $2,880, and that Mrs. True upon being notified refused to accept the valuation. The relief asked was the confirmation of the appraisement and that Mrs. True be required to accept $1,-440, one-half of the valuation, in full of her interest under

the will. The children and certain of the grand-children of Mrs. True and the children of Anderson H. Bowen were made parties defendant, but the appeal raises no question as to their rights, and hence we express no opinion on that subject. The answer of Mrs. True denied the validity of the *ex parte* appraisement made without notice to her, and asked for an impartial appraisement and ascertainment of her interest and a decree for its payment to her, with interest from August 8, 1904, the date of the death of the life tenant. Under a separate numeral of the prayer for relief in the answer, the defendant asked further for judgment for one-half interest in the tract of land and an accounting for rents and profits for the years 1904 and 1905, and much testimony was taken as to rents and rental value. The Circuit Judge held the appraisement of no effect because made by the appointees of the plaintiff alone, without notice to Mrs. True and without her participation; but retained the cause for the adjustment of the matters in controversy, and ordered a new appraisement by three appraisers, one to be appointed by the plaintiff, one by Mrs. True, and one by the clerk of the Court. The view of the will taken by the Circuit Judge was that by its terms the plaintiff and Mrs. True were tenants in common of the land, and as Mrs. True could have cultivated her portion of the land, if she had seen fit, she could not recover rents.

The question at the root of the appeal is, what relation do the plaintiff and Mrs. True bear to the land? When the testator used the language, "the said land shall belong to my son, Anderson H. Bowen," and that he "shall pay over to my daughter, Sarah A. Bowen, one-half the valuation in full satisfaction and recompense of her part or share of the said plantation," he expresses quite clearly his intention that upon the appraisement being made the plaintiff should have the entire title to all the land, carrying with it the right of possession, subject to a charge to pay Mrs. True one-half the appraised value. *Bank* v. *Gregg,* 46 S. C., 181, 24 S. E., 64. From this construction of the will, which is acqui-

esced in by respondent and appellant, it follows that Mrs. True was not entitled to an accounting for rents, because she had no title and no right of possession to any portion of the land.

The will affords no foundation for the contention of Mrs. True that the Court should ascertain her interest by sale of the land and not by appraisement. The Court has properly undertaken to settle the rights of the parties under the will, but to order a sale for this purpose when the will directs an appraisement would be to substitute the preference of the beneficiary for the will of the testator.

The question of chief concern to the parties is whether interest should be allowed Mrs. True on the one-half of the appraisal value to be hereafter fixed, and is so from what date. The plaintiff contends no interest whatever should be allowed, because under the will nothing could be due until appraisement. Mrs. True, on the other hand, claims she is entitled to interest from the date of the death of the life tenant, August 8, 1904. The allowance of interest in cases of this character depends largely on the equities of each particular case. *Pettus* v. *Claussen,* 4 Rich. Eq., 103. The general rule is that a legacy chargeable on land bears interest from the date of the death of the testator, but this is because the heir or devisee who is required to pay usually has the right to immediate possession and the land yields a profit. *Ingraham* v. *Postell's Executors,* 1 McC. Ch., 99; 18 Am. & En. Ency., 796. But if the possession of the land devised and the payment by the devisee of the legacy charged on it are both postponed until the determination of some intervening estate in the land, manifestly the legacy should bear interest not from the date of the death of the testator but from the date when the devisee who is required to pay the legacy from the land has the right to enter into the possession or receive the profits. The principle is the same as that applied to contracts for the sale of land followed by possession. When Bowen signified his intention to take the land under the will and entered into possession, he assumed

the same obligations as if he had contracted with his father in his lifetime to purchase the land at a valuation to be afterward determined by appraisers and then entered into possession. In such a case, without doubt, he would have been liable for interest on the purchase money from the date on which he took possession or began to have the usufruct of the land. *Rutledge* v. *Smith*, 1 McC. Ch., 399; *Hampton* v. *Executors of Eigleberger*, 2 Bailey, 520. Indeed, the equitable rule is of general application that he who has the possession or use must pay interest to one who holds against him a charge or lien on the land.

It remains to apply the rules to the facts of this case, and fix the date from which interest should be allowed on the amount coming to Mrs. True, under the will, to be fixed by appraisement hereafter to be made. The claim set up in the exceptions for interest from August 8, 1904, the date of the death of the life tenant, cannot be allowed, because, this being agricultural land, under the statute the crops for that year belonged to the estate of the life tenant, and hence Bowen could not have had the use of the land for himself before January 1st, 1905; any possession or use before that date must be referred to the right of the life tenant.

In strictness, under the will, Bowen was not to have the land until after the appraisement provided for, and this has not yet been made; from this respondent argues that interest can be computed only from the date when the appraisement shall hereafter be made. But this view does not at all meet the equities of the case or accord with the intention of the testator. Nothing can be clearer than that, while giving the land to Bowen, the testator meant him and his sister to receive precisely the same pecuniary benefit from it, and this intention can be carried out only by requiring him to pay her interest as an offset to his use of the land. It is not for him to say he had no right to the land until the appraisement, when he has actually had it since the determination of the right of the life tenant. The plaintiff Bowen having enjoyed the use of the land since January 1st, 1905, Mrs. True

is entitled to receive interest on her one-half of the appraised value from that date; and the judgment of this Court is, that the judgment of the Circuit Court be accordingly modified.